# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-641V
May 13, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| ETTA NEWMAN, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Proffer; Influenza (Flu) Vaccine; |
| v. | * | Shoulder Injury Related to Vaccination |
| | * | (SIRVA) |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

J. Michael Ranson, Ranson Law Offices, Charleston, WV, for petitioner.
Tara Kilfoyle, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On September 4, 2013, Etta Newman filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that as a result of an influenza vaccine administered to her on September 7, 2011, she suffered pain and loss of function in her right arm and shoulder. Petition at ¶¶ 3, 15, 21. The previous special master assigned to this case determined that petitioner is entitled to compensation. Ruling on Entitlement, filed December 3, 2013, at 2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 12, 2014, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, respondent represents that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**A lump sum payment of $100,000.00 in the form of a check payable to petitioner**. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ETTA NEWMAN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | No. 13-641V<br>Special Master Thomas Gowen<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 3, 2013, respondent filed her Rule 4(c) Report, in which she recommended that the Court find petitioner entitled to compensation. The Special Master issued a Ruling Finding Entitlement on December 3, 2013, consistent with the concession made in respondent's Rule 4(c) Report. Respondent now proffers that petitioner receive an award of a lump sum of **$100,000.00** in the form of a check payable to petitioner.[1] This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled. This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of $100,000.00.

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/Tara J. Kilfoyle
TARA J. KILFOYLE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 146
Washington, D.C. 20044-0146
Tel.:   (202) 514-9729

DATE: May 12, 2014